## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAY 2 4 2007
U.S. COURT OF FEDERAL CLAIMS

INPUT/OUTPUT TECHNOLOGY, INC.

Plaintiff,

v.

THE UNITED STATES

Defendant.

Case No. 07-322 C

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

**COMES NOW** Plaintiff Input/Output Technology, Inc. ("IO Tech"), by and through the undersigned counsel, and hereby protests the failure of the Defense Logistics Agency ("DLA") to comply with the terms and requirements 48 CFR Part 9.2 in the award of a contract under Request for Quotations No. SPM7M8-07-T-7139 (the "RFQ" or the "Solicitation") to Aschbacher & Associates Inc. a company which has not met the requirements to be a qualified or approved source for the items being procured under the RFQs. DLA's decision in this regard was arbitrary and capricious in that they are a violation of 48 CFR § 52.209-1.

By this filing IO Tech seeks to enjoin DLA from permitting performance of any contract awarded to Aschbacher & Associates Inc. ("AAI") or any other unqualified or unapproved source to provide the supplies required under the RFQ. IO Tech seeks an order enjoining the Government from taking the actions described above or in the alternative enjoining DLA from employing the funds obligated to the performance of a contract to provide the services required under the RFQ of any contract awarded to AAI, or any other unqualified entity for these services. Finally, IO Tech also seeks its attorney's fees and its costs in bringing this action.

## Parties

1. Plaintiff IO Tech is a corporation and whose principal office is located in California. IO Tech is engaged in the business of providing engineering and electrical design services and manufactured electrical supplies to Government and commercial clients worldwide.

2. The Defendant is the United States of America through the Defense Logistics Agency.

## Jurisdiction

3. Jurisdiction in this Court is based on the Tucker Act, 28 U.S.C. § 1491.

## Factual Assertions

4. The RFQ seeks a total of 15 units of the PN 1690533, NSN 5998-01-366-6543, Backplane Assembly for the AN/TPQ-36/37 FireFinder Radar. Hughes, Inc., CAGE 05869 (now Raytheon, Inc.), and IO Tech are the only sources approved under 48 CFR Part 9.2 to provide the AN/TPQ-36/37 Backplanes.

5. Furthermore, IO Tech is the only current qualified supplier that has passed First Article Acceptance Testing for the AN/TPQ-36/37. IO Tech accomplished the qualification under contract(s) with the Department of the Army's Communications and Electronics Command at Fort Monmouth, New Jersey.

6. The company awarded the subject contracts (Aschbacher & Associates, CAGE 54991) is not a manufacturer of backplanes. Upon information and belief, the awardee intends to supply DLA with backplanes manufactured by Frequency Selective Networks ("FSN"). Apparently, the Government has erroneously listed FSN (CAGE 56662) as an approved supplier for PN

1690533; however, IO Tech is not aware of any instance of FSN ever supplying or been qualified to supply any of the identified items to the Government under the requirements of FAR Part 9.2.

7. The Government has claimed to IO Tech that FSN is an approved source; however, the Government has never provided IO Tech with any written evidence of FSN's qualification under FAR Part 9.2 as required by the Solicitation, and the Government's actions described below belie the claimed qualification of FSN.

8. Additionally, DLA's procurement history erroneously credits CAGE 0DR48 for delivering these backplanes under contract SP096005M3941. The entire contract was cancelled via P00001 dated January 26, 2006. Furthermore, the agency's solicitation documents state that the Government does not have a set of drawings or specifications for the backplane; therefore, the Government cannot be in a position to qualify another product without extensive testing in the AN/TPQ-36/37 Radar System (the higher-level assembly).

9. This procurement was the subject of a prior protest by IO Tech, dated August 30, 2006, docketed with the Comptroller General as Input/Output Technology, Inc., B-298738. That protest was dismissed as moot after the Government agreed to take corrective action as follows:

> The Contracting Officer has taken action to withdraw the subject purchase orders in order to accomplish the following tasks:
> (1) Correct our Automated Contract Evaluation (PACE) system coding to reflect the true nature of the item procurement [Exact Product in accordance with DLAD 52.217-9002 vice "Full and Open Competition Applies"];
> (2) Reconcile wording of the solicitation to reflect the true nature of the procurement;
> (3) Scrub the Alternate Item tech data evaluation package to determine the merit of action to approve Alternate Item(s); and
> (4) Other, as may be deemed appropriate.

10. Additionally, IO Tech submitted a proposal in response to RFP No. SPM7M8-06-R-0004 for quantity twenty-four (24) of the same backplane units with a closing date of April 10,

2006. On August 27, 2006, IO Tech learned from the contracting officer that DLA cancelled the RFP No. SPM7M8-06-R-0004. During a telephonic debriefing concerning the cancellation of RFP No. SPM7M8-06-R-0004, the contracting officer informed IO Tech that the August 2006 awards under those RFQs were a contributing factor for the cancellation of the RFP.

11. Furthermore, an additional protest of this procurement was filed by IO Tech on April 9, 2007 with the GAO complaining of the award of the current contract to AAI as well as awards to the same company under RFQ Nos. SPM7M8-07-T-6982; SPM7M8-07-T-6979; SPM7M8-07-T-6981; SPM7M8-07-T-6980 for an additional 60 units of the backplane. IOTech's 2007 protest was docketed as Input/Output Technology, Inc., B-299636.

12. On May 14, 2007, the GAO dismissed IO Tech's 2007 protest as untimely. On or about May 18, 2007, the Government cancelled all of the awards to AAI except for the one under RFQ No. SPM7M8-07-T-7139.

13. To date IO Tech is not aware of any action taken to qualify FSN or AAI as an alternate supplier for the backplane assemblies, and there are no records showing that either FSN or AAI has ever supplied or been qualified to supply any of the identified items to the Government under FAR Part 9.2.

14. IO Tech has a proven track record of supplying these specialized backplanes to the Government for over twenty (20) years and remains the only qualified supplier of this commodity insuring proper and reliable operation of the AN/TPQ-36/37 Radar System in the field.

15. The RFQs incorporated 48 CFR § 52.209-1, "Qualification Requirements," and the offerors were required to identify the source of their supplies and information confirming that the source is an approved/qualified source for the NSN 5998-01-366-6543, Backplane Assembly. In

accordance with 48 CFR § 9.206-1, an unqualified source cannot be awarded a contract to supply an item which is covered by source control procedures.

16. Although the awardee has until the date of award to demonstrate it is an approved or qualified source, see The ARO Corp., B- 225,727, June 15, 2987, 87-1 CPD ¶ 595, this qualification cannot occur after award and the contracting officer may not award a contract to such unqualified source. Here since neither the awardee nor its apparent supplier FSN are qualified or approved sources, the awards at issue here are invalid and must be rescinded.

17. On or about May 17, 2007 the Government claimed that FSN was qualified as a source for the backplanes in May 2006; however, the summary document the Government presented to IO Tech does not demonstrate that FSN was qualified under FAR Part 9.2. Additionally, this document is inconsistent with the terms of the RFQ because the RFQ states that there is no drawing package available for the offerors, and the alleged qualification document from the Government purports to state that FSN was provided with a drawing package in order to have its product approved. If true the Government improperly limited the competition under the RFQ at issue here.

18. The alleged qualification of FSN is further belied by the fact that the Government took corrective action in response to IO Tech's August 2006 protest. If FSN had been qualified there was no need for said corrective action. Therefore, the Government's claimed qualification of FSN is suspect and subject to challenge here.

**Count I**

(DLA's Violation of its Implied Duty of Good Faith and Fair Dealing)

19. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 18 above.

19. By its arbitrary and capricious decision to ignore the statutorily and regulatory mandated qualification requirements imposed on this procurement, DLA has breached its duty of good faith and fair dealing it owed to IO Tech as an offeror under the procurement.

20. Based on these circumstances DLA's actions are not justified and the Plaintiff's protest should be sustained.

21. Plaintiff respectfully requests that the Court issue an order immediately enjoining the Government from taking the actions described above or in the alternative enjoining DLA from employing the funds obligated to the performance of a contract to provide the services required under the RFQs of any contract awarded to AAI, or any other source not qualified to supplied the items required under the terms of the RFQ. IO Tech also respectfully requests that the Court grant Plaintiff its attorney's fees and its costs in bringing this action.

**Count II**

(Violation of 48 CFR § 9.206-1)

22. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 21 above.

23. The RFQs incorporated 48 CFR § 52.209-1, "Qualification Requirements," and the offerors were required to identify the source of their supplies and information confirming that the source is an approved/qualified source for the NSN 5998-01-366-6543, Backplane Assembly.

24. In accordance with 48 CFR § 9.206-1, an unqualified source cannot be awarded a contract to supply an item which is covered by source control procedures.

25. The company awarded the subject contracts (Aschbacher & Associates, CAGE 54991) is not a manufacturer of backplanes. Upon information and belief, the awardee intends to

supply DLA with backplanes manufactured by Frequency Selective Networks ("FSN"). Apparently, the Government has erroneously listed FSN (CAGE 56662) as an approved supplier for PN 1690533; however, there are no records showing FSN has ever supplied or been qualified to supply any of the identified items to the Government.

26. Plaintiff respectfully requests that the Court issue an order immediately enjoining the Government from taking the actions described above or in the alternative enjoining DLA from employing the funds obligated to the performance of a contract to provide the services required under the RFQs of any contract awarded to AAI, or any other source not qualified to supplied the items required under the RFQ. IO Tech also respectfully requests that the Court grant Plaintiff its attorney's fees and its costs in bringing this action.

## **Relief Requested**

**WHEREFORE** Plaintiff respectfully requests a judgment against the United States of America and further requests:

1. That the Court enjoin DLA from permitting performance of any contract under the RFQs to any entity other than IO Tech or any entity or supplier that is not a qualified manufacturer of the items required under the RFQs.

2. Or in the alternative enjoining DLA from employing the funds obligated to the performance of any contract awarded to AAI or any other entity or supplier that is not a qualified source of the items required under the RFQs.

3. That in any event IO Tech be awarded its reasonable costs and attorneys' fees, and such further relief as is determined just and fair.

Respectfully submitted,

Date: May 24, 2007

By: ______________________

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St.
Suite 307
Manassas, VA 20110
(703) 368-8770
fax (703) 368-8772

Counsel for Plaintiff Input/Output Technology, Inc.