IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INPUT/OUTPUT TECHNOLOGY, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | ( Judge Wiese) |

DECLARATION OF PAUL TRUSKOWSKI

I, Paul Truskowski, hereby state as follows:

1. I have reviewed the requirements set out in Appendix A25 of the DLA Technical – Quality Policy and Procedures Deskbook for supporting documentation for evaluation of alternate sources for Category 2. Listed below are the requirements set out in Appendix A25 followed by what information was provided by the Frequency Select Networks, Inc. (FSN). Also included is why I believe the information that was not provided was not necessary for me to make a reasonable decision in this case.

2. For Categories 1, 2, and 3: Appendix A 25 requires current brochures or synopses of the company's capabilities. Identify if the company seeking approval is a non-manufacturing source or the actual manufacturer. A letter was provided by the prime contractor Aschbacher & Associates, Inc. stating that their subcontractor, Frequency Select Networks, Inc. (FSN) would manufacture and test the pin plates (backplane), therefore the evaluation

was based upon FSN's capabilities. A brochure was included that depicted FSN's capabilities.

3. Appendix 25A requires the offeror to provide documented quality system meeting the requirements of International Organization for Standardization (ISO) standard ISO 9001 (also American Society for Quality (ASQ) Q9001) or Provide a documented system that meets other recognized industry standards, or Provide a documented system that meets the Government's requirement. This system shall not have previously been determined by the Government to be insufficient for its purposes. FSN met this requirement by providing a copy of its Quality Control Manual. This manual describes a quality system that meets the requirements of MIL-I-45208 and meets the Government's requirements. The manual was in my opinion, an excellent quality manual.

4. Appendix 25A requires the offeror to provide a complete set of current configuration drawings for the item for which the company is seeking source approval. FSN provided a complete set of OEM drawings for the item. I compared these drawings with the drawings on file in my office. The drawings provided by FSN were the correct drawings and were complete.

5. Appendix 25A requires the offeror to provide a complete set of current configuration drawings for the similar item for which the company seeking source approval is currently approved. FSN provided a complete set of configuration drawings for the similar item, a circuit card assembly that they had previously supplied to DLA.

6. Appendix 25A requires the offeror to provide copies of detailed process/operations sheets used to manufacture the similar item, including, but not limited to, detailed shop sketches used in manufacturing. These were not provided in the package supplied to me by DLA. The absence of this data did not affect my evaluation because FSN had obviously successfully manufactured the similar item using these processes which they had supplied to DLA. Electronic assemblies do not lend themselves to the need for detailed shop sketches.

7. Appendix 25A requires the offeror to provide copies of purchase orders or shipping documents to OEM or military services, for the similar item. When available, attach a copy of the current "requirements Control Card/Quality Assurance Document. FSN provided a copy of the DLA Form 339 that approved them as an alternate source for the similar item. They also provided a list of other circuit card assemblies that they have provided to DLA. They did not include copies of the contracts however they listed the contract numbers so that DLA could include contract history which would include performance and quality information.

8. Appendix 25A requires the offeror to provide identification of the difference between similar items and the item the company is seeking approval to manufacture. This information was provided at Tab K. of Exhibit B of my original Declaration dated June 6, 2007.

9. Appendix 25A requires the offeror to provide a summarization of quality deficiencies experienced in the past two years during manufacture of similar items. Include data relative

to sub-vendors, actions and resolutions when applicable and/or previous contract if not within the last two years. FSN states, in Exhibit B, Tab L, of my first declaration dated June 6, 2007, that they have not had any quality deficiencies on the similar item or on any boards manufactured for DLA. I reviewed this information along with the information in our data system and found no quality deficiency reports concerning FSN.

10. Appendix 25A requires the offeror to provide a copy of inspection method sheets used in manufacturing and final inspection of the similar item. FSN provided its quality assurance manual, which contained and spelled out its inspection process which was more than adequate. Also FSN provided a listed of similar items it had manufactured successfully for DLA. I relied on FSN integrity that these similar items had been manufactured without any problems. I knew that since the items were manufactured under DLA contracts, DLA in Columbus could easily verify whether there were any problems with these contracts. I do not believe these documents were crucial to my evaluation.

11. Appendix 25A requires the offeror to provide identification of "value added" by the prime contractor. None was provided. However, this information was not essential my evaluation. My understanding of this requirement is that it allows the prime contractor to provide additional information it may believe is needed in the evaluation of its alternate offer that is not covered by one of the categories above.

12. In my professional opinion I believe the information provided by DSCC was sufficient for me to make a decision concerning the alternate offer submitted by Aschbacher and Associates on behalf of FSN.

I swear under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on this 22nd day of June 2007.

Paul Truskowski
Senior Electronics Engineer
CECOM