IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INPUT/OUTPUT TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-322C |
| | ) | |
| THE UNITED STATES, | ) | (Senior Judge Wiese) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR A SCHEDULING CONFERENCE

Pursuant to RCFC 16, defendant, the United States, respectfully requests that the Court hold a scheduling conference by telephone at its earliest convenience.

I. The Administrative Record Needs To Be Gathered Prior To Any Further Proceedings In This Case

As the Court knows, following the filing of the complaint, this case has proceeded in the manner of an alternative dispute resolution proceeding. The goal of the Court and the parties has been to determine whether this case could be resolved quickly and inexpensively.

Despite the best efforts of the Court and the parties, these informal proceedings did not succeed in resolving the case. On Friday, July 6, 2007, the plaintiff, Input/Output Technology, Inc. ("Input"), filed a motion for judgment upon the administrative record.

We respectfully suggest that Input's motion is defective, and must be re-filed in at least somewhat modified form, because there is no administrative record filed in this case. See RCFC Appendix C, ¶ 22 (describing the contents of the administrative

record). Indeed, Input acknowledges the lack of any administrative record in a footnote to its proposed statement of facts:

> Since no formal Administrative Record was submitted in this matter, Plaintiff will cite to the information submitted in the parties' Motions to Supplement the Record and IO Tech's pleadings.

Input Statement of Facts, at 2 n.1.[1]

With all due respect, two documents cited by Input in its statement of fact cannot properly be considered part of the administrative record. Input cited its own complaint as support, or partial support, for ten numbered paragraphs in the Input Statement of Facts. Input cited the declaration of Mr. Drapala (attacking the technical judgment of the Government's expert) as support for five numbered paragraphs. Neither document was before the contracting officer; both documents were drafted after the procurement decision; and neither document is designated as a core document in the relevant rule. RCFC Appendix C, ¶ 22.

By statute, this Court must review the decision of the contracting officer in light of the administrative record. 28 U.S.C. § 1491(b)(4) (review by this Court under the standard set forth in 5 U.S.C. § 706). As the Court knows, it must review

[1] "Input Statement of Facts" refers to "Plaintiff's statement of facts," filed in this case on July 6, 2007.

the administrative record to determine whether the plaintiff has established that:

> (1) the procurement lacked a rational or reasonable basis, or
>
> (2) the procurement involved a clear and prejudicial violation of applicable statutes and regulations.

Synetics, Inc. v. United States, 45 Fed. Cl. 1, 5 (1999); accord Scanwell Laboratories, Inc. v. Shaffer, 424 F.2d 859 (D.C. Cir. 1970). Accordingly, the administrative record must be gathered and filed before the case may be decided. RCFC Appendix C, ¶ 23.

Furthermore, in discussions before the Court, Input has indicated that it is likely to appeal any adverse decision by this Court. Accordingly, it is important to gather and file the administrative record so that full review by the appellate court is possible, including a determination concerning whether the trial court decision is supported by the administrative record.

## II. The Parties Propose Two Possible Dates For A Conference

The parties have conferred, and the United States respectfully reports that either Wednesday, July 11, 2007, or Monday, July 16, 2007, would be convenient for a conference with the Court. The United States further respectfully suggests that a time between 10 a.m. and 4:30 p.m. would be convenient, because counsel for the United States must deliver and gather his son from daycare.

In preparation for the conference, counsel for the United States is seeking information regarding the volume of the administrative record and the time expected to be needed to gather and reproduce the documents.

## Conclusion

For these reasons, we respectfully request that our motion for a scheduling conference be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

July 9, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July 9, 2007, a copy of the foregoing "DEFENDANT’S MOTION FOR A SCHEDULING CONFERENCE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier