GAO
Accountability * Integrity * Reliability
United States Government Accountability Office
Washington, DC 20548

Office of the General Counsel

October 18, 2007

James S. DelSordo, Esq.
Argus Legal, LLC

Elizabeth M. Grant, Esq.
Department of Defense
Defense Logistics Agency

**File:** B-310555
**Protester:** Input-Output Technology, Inc.
**Agency:** Defense Logistics Agency

**NOTIFICATION OF PROTECTIVE ORDER**

Attached is a copy of the protective order issued in connection with this matter. Counsel seeking admission (and their law clerks, paralegals, or support staff if they are admitted as attorneys to a state bar) must complete and submit the attached application to our Office within 3 days of receipt of this protective order, with a copy provided simultaneously to all parties; applications for consultants are available upon request. A party objecting to any individual's application must so advise our Office by the second day following receipt of the application. Applications containing the original signature of the applicant that are filed by facsimile or electronic transmission (e.g., PDF file) are deemed to contain a valid and enforceable signature; if filed in this manner, a hard copy with original signature need not also be submitted. Failure to complete the application accurately may result in denial of admission and/or sanction.

Individuals covered under a protective order are required to take all precautions necessary to prevent disclosure of protected material. In addition to physically and electronically securing, safeguarding, and restricting access to the protected material in one's possession, these precautions include, but are not limited to, sending and receiving protected material using physical and electronic methods that are within the control of individuals authorized by this protective order or that otherwise restrict access to protected material to individuals authorized by this protective order. Examples of transmission methods that may require additional precautions include facsimile machines shared with individuals not admitted under this protective order, facsimile-to-electronic mail systems or services, and electronic mail. Electronic mail is now permitted under our protective order unless objected to by a party in the protest.

–For the Associate General Counsel

**FOR FURTHER INFORMATION:**

GAO Attorney: Mary G. Curcio; 202-512-4788
Case Status Calls: 202-512-5436; Fax Number 202-512-9749
GAO's Guide to GAO Protective Orders is available at www.gao.gov.

Attachments

***Paragraphs 4, 6, and 7 of the order were revised in December 2005.***

**UNITED STATES GOVERNMENT ACCOUNTABILITY OFFICE**
**OFFICE OF THE GENERAL COUNSEL**
**PROCUREMENT LAW DIVISION**
**Washington, D.C. 20548**

**Matter of:** Input-Output Technology, Inc.

**File:** B-310555

**Agency:** Defense Logistics Agency

## PROTECTIVE ORDER

This protective order limits disclosure of certain material and information submitted in the above-captioned protest, so that no party obtaining access to protected material under this order will gain a competitive advantage as a result of the disclosure. Material to which parties gain access under this protective order is to be used only for the subject protest proceedings, absent express prior authorization from the Government Accountability Office (GAO). Such authorization must be requested in writing, with notice to all parties.

1. This protective order applies to all material that is identified by any party as protected, unless GAO specifically provides otherwise. Protected material includes information whether on paper or in any electronic format. This protective order applies to all proceedings associated with the protest, e.g., supplemental/amended protests, requests for reconsideration, and claims for costs.

2. Protected material of any kind may be provided only to GAO and to individuals authorized by this protective order. The first page of each document containing protected material is to be clearly marked as follows:

**PROTECTED MATERIAL**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

The party claiming protection must clearly identify the specific portion of the material for which it is claiming protection. Wherever such protection is claimed for a protest pleading, the party filing the pleading shall submit a proposed redacted version for public release when the protected version is filed.

3. Only individuals who are admitted under this protective order by GAO, and support staff (paralegal, clerical, and administrative personnel) who are employed or supervised by individuals admitted under this order, and who are not involved in competitive

decisionmaking for a party to the protest or for any firm that might gain a competitive advantage from access to the protected material disclosed under this order, shall have access to information covered by this order. Individuals admitted under this protective order shall advise such support staff, prior to providing them access to protected material, of their obligations under this order.

4. Each party included under this protective order shall receive up to 3 copies of the protected material (the original constitutes one copy), and shall not further duplicate that material, except as incidental to its incorporation into a submission to GAO or as otherwise agreed to by the parties with GAO's concurrence. For purpose of this provision, a "party" refers to the entity of record. Therefore, multiple attorneys or law firms representing a single party must determine among them how to allocate the maximum of 3 copies among the individuals admitted to the protective order. Each duplication of electronic media (e.g., CD Rom), whether in electronic or hard copy form, constitutes a single copy. E-mail transmissions to multiple recipients should be counted as generating one copy for the sender and one for each recipient.

5. When any party sends or receives documents in connection with this protest that are not designated as protected, including proposed redacted versions of protected documents, the party shall refrain from releasing the documents to anyone not admitted under this protective order, including clients, until the end of the second working day following receipt of the documents by all parties. This practice permits parties to identify documents that should have been marked protected before the documents are disclosed to individuals not admitted under this protective order.

6. Each individual covered under this protective order shall take all precautions necessary to prevent disclosure of protected material. In addition to physically and electronically securing, safeguarding, and restricting access to the protected material in one's possession, these precautions include, but are not limited to, sending and receiving protected material using physical and electronic methods that are within the control of individuals authorized by this protective order or that otherwise restrict access to protected material to individuals authorized by this protective order. Protected material may be sent using electronic mail unless objected to by any party in this protest. The confidentiality of protected material shall be maintained in perpetuity.

7. Within 60 days after the disposition of the protest(s) (or if a request for reconsideration or a claim for costs is filed, 60 days after the disposition of those matters), all protected material furnished to individuals admitted under this protective order, including all electronically transmitted material and copies of such material, with the exception of a single copy of a protected decision or letter issued by our Office, shall be: (1) returned to the party that produced them; or (2) with the prior written agreement of the party that produced the protected material, destroyed and certified as destroyed to the party that produced them; or (3) with the prior written agreement of the party that produced the protected material, retained under the terms of this order for such period as may be agreed. Within the same 60-day period, protected pleadings (including copies in archival files and computer backup files) and written and electronic transcripts of

protest conferences and hearings shall be destroyed, and the destruction certified to GAO and the other parties, unless the parties agree otherwise. In the absence of such agreement and for good cause shown, the period for retention of the protected material under this paragraph may be extended by order of GAO. Any individual retaining material received under this protective order (except for the single copy of a protected decision or letter issued by our Office) beyond the 60-day period without the authorization of GAO or the prior written agreement of the party that produced the material is in violation of this order. The terms of this protective order (except those terms regarding the return or destruction of protected material) shall apply indefinitely to the single copy of the protected decision or letter issued by our Office that is retained by a party admitted under this order.

8. Any violation of the terms of this protective order may result in the imposition of such sanctions as GAO deems appropriate, including but not limited to referral of the violation to appropriate bar associations or other disciplinary bodies and restricting the practice of counsel before GAO. A party whose protected information is improperly disclosed shall be entitled to all remedies under law or equity, including breach of contract.

Mary G. Curcio, Senior Attorney

Oct 18, 2007
October 18, 2007

GAO
Accountability • Integrity • Reliability

United States Government Accountability Office
Washington, DC 20548

**UNITED STATES GOVERNMENT ACCOUNTABILITY OFFICE**
**OFFICE OF THE GENERAL COUNSEL**
**PROCUREMENT LAW DIVISION**
**Washington, D.C. 20548**

**Matter of:** Input-Output Technology, Inc.

**File:** B-310555

**Agency:** Defense Logistics Agency

**APPLICATION FOR ACCESS TO MATERIAL**
**UNDER A PROTECTIVE ORDER**
**FOR OUTSIDE COUNSEL**

1. I, ______________________________, hereby apply for access to protected material covered by the protective order issued in connection with this protest.

2. I am an attorney with the law firm of______________________ which has been retained to represent______________________________, a party to this protest.

3. I am a member of the bar(s) of ______________; my bar membership number(s) is/are

______________________________.

4. My professional relationship with the party I represent in this protest and its personnel is strictly one of legal counsel. I am not involved in competitive decisionmaking as discussed in U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this protest, or any other firm that might gain a competitive advantage from access to the material disclosed under the protective order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning or participate in decisions about marketing

or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected material could provide a competitive advantage.

5. I identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

(Attach additional pages for this and the following questions, if needed.)

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the protest or with any other firm that might gain a competitive advantage from access to the material disclosed under the protective order:

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances within the last 2 years in which I have been denied admission to a protective order, or had admission revoked, or been found to have violated a protective order issued by GAO or by an administrative or judicial tribunal:

8. I identify here (by writing "none" or listing the protest name and file number) any pending application for admission to a protective order issued by GAO:

9. I have read the protective order issued by GAO in this protest, and I will comply in all respects with that order and will abide by its terms and conditions in handling any protected material filed or produced in connection with the protest.

10. I acknowledge that any violation of the terms of the protective order may result in the imposition of such sanctions as GAO deems appropriate, including but not limited to referral of the violation to appropriate bar associations or other disciplinary bodies, and restricting my practice before GAO. I further acknowledge that a party whose protected information is improperly disclosed shall be entitled to all remedies under law or equity, including breach of contract.

CERTIFICATION

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including any attached statements) are true and correct. I recognize that knowingly making a false statement on this application could render me liable to a $10,000 fine or 5 years imprisonment, or both, pursuant to 18 U.S.C. § 1001. I identify below the mailing address and facsimile number at which I may receive protected material in accordance with the terms of the protective order.

______________________________ ______________________
Signature Date Executed

______________________________
Typed Name and Title

______________________________
Mailing Address

______________________________
Direct Dial Telephone Number

______________________________
Facsimile Number

______________________________
E-mail Address